IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES C. WINDING                                                                    PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 3:13cv618-TSL-JMR

JUDGE H. SULEYMON OZERDEN;
JUDGE ROBERT WALKER;
JUDGE KEITH BALL;
SHERIFF TYRONE LEWIS;
RAYMOND JAIL; RAY RICE; and
MANAGEMENT TRAINING CORPORATION                                DEFENDANTS

CONSOLIDATED WITH

JAMES C. WINDING                                                                    PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 3:13cv623-TSL-JMR

JUDGE H. SULEYMON OZERDEN;
JUDGE ROBERT WALKER;
MANAGEMENT TRAINING CORPORATION;
JUDGE KEITH BALL; RAY RICE;
SHERIFF TYRONE LEWIS; and
RAYMOND JAIL                                                                        DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on motion of the defendants, Judge H. Suleymon Ozerden [Judge Ozerden]; Judge Robert Walker [Judge Walker] and Judge Keith Ball [Judge Ball], to dismiss [13] pursuant to Federal Rule of Civil Procedure 12(b)(6). Also pending before the Court are the motions of the plaintiff, James C. Winding [Winding] to amend [17] to present evidence of "on-going corruption"; to dismiss [18] Judge Ozerden, Judge Walker and Judge Ball from this suit; and to show cause [19] that Winding completed his administrative remedies. The Court, being fully advised in the premises and having examined the briefs and affidavits submitted, finds as follows.

Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996). When ruling upon a motion to dismiss, the Court must accept as true all material allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). When a plaintiff appears *pro se*, courts are advised to construe the complaint liberally. *Federal Express Corp. v. Holowecki,* 552 U.S. 389, 402 (2008).

A complaint brought under § 1983 by a prisoner plaintiff, proceeding *pro se* and *in forma pauperis,* may be dismissed *sua sponte* based on 28 U.S.C. § 1915(d). The Court is not required to allow the plaintiff to amend his complaint when the plaintiff has pleaded his "best case." *See Brewster v. Dretke,* 587 F.3d 764, 767-8 (5th Cir. 2009), *cert. denied* 560 U.S. 944 (2010) (finding that the record before the district court suggested that the plaintiff had pleaded his best case and that leave to amend was not necessary because the facts underlying the complaint did not rise to the level of a viable constitutional claim). Applying these standards to this case, the Court makes the following findings.

Facts

Winding filed this lawsuit on August 30, 2013, in the Hinds County Circuit Court. [1-6, p. 1.] Winding alleges that Judges Ozerden and Walker made biased comments against Winding and conspired with each other to deprive Winding of his constitutional rights in retaliation for filing a civil lawsuit against Judge Ball. [1-6, p. 5.] Winding further contends that Judges Ozerden and Walker "defamed my character" concerning Winding's financial affidavits

2

"without proof of expert handwriting specialist thereby denial [sic] of fundamental due process of law." (*Id*.) Winding contends that there is an ongoing pattern of aggravated harassment; alleges he was raped by a county inmate at Raymond Jail; and that Management and Training Corporation [MTC] failed to monitor conditions at the jail by allowing the alleged sexual assault, and other assaults to happen, and that MTC did not take corrective action or provide adequate supervision. [1-6, p. 6.]

He also includes pages from other lawsuits of alleged wrongdoing by unnamed persons. [1-6, pp. 8-20.] He does not mention specific allegations against the defendants Ray Rice [Rice] or Tyrone Lewis [Lewis].

Judges Ozerden, Walker and Ball contend that they are entitled to absolute judicial immunity for actions performed in judicial proceedings before them. [14, p. 1.] Judges Ozerden, Walker and Ball further assert that in each case, the defendant Judges issued orders in their official capacities and within the scope of their authority as Judges in the Southern District of Mississippi. [14, pp. 4-7.] Winding appears to acknowledge the Judges' entitlement to immunity because he filed a motion to dismiss these individuals from his suit, with prejudice. [18.]

Winding seeks to amend his complaint and submit new evidence of corruption within the MTC and MDOC as allegedly evidenced by internet articles of an unknown source which Winding claims prove a pattern of deliberate indifference against MTC and Mississippi Department of Correction [MDOC] officials. [17, pp. 1-16.] He contends in his complaint that MTC is liable for "failure to monitor . . . or not providing adequate supervision." [1-6, p. 6.] Winding advances no specific allegations against either Lewis or Rice in the complaint or proposed amended complaint. [1-6, 17.]

3

Discussion

I.    Judicial Immunity

Judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Pierson v. Ray,* 386 U.S. 547, 553-4 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356-7 (1978); *Ballard v. Wall*, 413 F.3d 510, 515-16 (5th Cir. 2005). United States Magistrate Judges are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges. *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983).

Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. *Mireless v. Waco,* 502 U.S. 9, 11-2 (1991). The following four-part test is used to determine whether an act is a "judicial act" that justifies immunity: (1) whether the alleged act is a normal judicial function; (2) whether the act occurred in the judge's courtroom or chambers; (3) whether the controversy involved a case pending before the judge; and (4) whether the act arose directly out of a visit to the judge in his official capacity. *Ballard,* 413 F.3d at 515 (citations omitted).

There is nothing in this case to establish that any of the Judges named as defendants in this case took any action which did not arise out of acts performed in the exercise of his judicial functions, and the Court concludes that Winding can prove no set of facts in support of his claims which would entitle him to relief against these defendants. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Accordingly, the Court recommends that Judges Ozerden, Walker and Ball's

motion to dismiss the claims brought in this suit against them under section 1983 should be granted, and further recommends that Winding's motion to dismiss these defendants should be granted. Dismissal of these individuals renders any claim for injunctive relief moot, and the Court recommends that Winding's claim for injunctive relief be denied. [1-6, p. 7.]

II.     Raymond Jail

Winding named as a defendant the Raymond Jail. The capacity of an entity such as the Raymond Jail to sue or be sued "shall be determined by the law under which it was organized." FED.R.CIV.P. 17(b). Under Mississippi law, a city's jail is not considered to be an entity separate from the city. MISS. CODE ANN. § 21-17-1. Because the Raymond Jail is not a separate legal entity from the City of Raymond, Mississippi, the Raymond Jail is not a proper party to this lawsuit. *See Darby v. Pasadena Police Dep't.,* 939 F.2d 311, 313 (5th Cir. 1991) (discusses Texas law). As there is no indication that the Raymond Jail enjoys a separate legal existence, the Court finds that the Raymond Jail is not a proper party to this lawsuit, and recommends that it should be dismissed from this case, with prejudice.

III.    Claims Against Tyrone Lewis

Lewis is not a proper defendant with respect to any § 1983 claim against him in his individual capacity for several reasons. First, the complaint does not allege that he had any personal involvement in the events outlined in Winding's complaint. Second, he cannot be held vicariously liable for an employee's actions. *See Monell v. Dept. of Social Servs.,* 436 U.S. 658, 691–5 (1978); *see Rios v. City of Del Rio,* 444 F.3d 417, 425 (5th Cir. 2006).

Without personal participation by an official, a supervisor can be liable under Section 1983 only where the official "implement[s] a policy so deficient that the policy 'itself is a

5

repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987); *see also Clark v. McMillin,* 932 F. Supp. 789, 790 (S.D. Miss. 1996) (in order to prevail on claim against sheriff in his individual capacity, plaintiff "must show that he affirmatively participated in acts that resulted in the alleged constitutional deprivation, or that he implemented unconstitutional policies that causally resulted in" injury). Alternatively, a supervisory officer not personally involved in the alleged wrongdoing can be liable if he failed to train or supervise the officers involved; there is a causal connection between the alleged failure to supervise or train and the alleged violation of plaintiff's rights; and this failure to train or supervise constitutes deliberate indifference. *Thompson v. Upshur Cty.,* 245 F.3d 447, 459 (5th Cir. 2001) (citations omitted).

The third prong, deliberate indifference, "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson,* ___ U.S. ___, 131 S.Ct. 1350, 1360 (2011). "A pattern of similar constitutional violations" is generally necessary to demonstrate deliberate indifference, and requires showing actual or constructive notice by a defendant that a particular shortcoming in training causes employees to violate citizens' constitutional rights. *Connick*, 131 S.Ct. at 1360.

"Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Snyder v. Trepagnier*, 142 F.3d 791, 798-9 (5th Cir. 1998). The plaintiff must demonstrate a pattern of similar violations; the inadequacy of training must be obvious and that inadequacy must be likely to result in a constitutional violation. *See Walker v. Upshaw,* 515 Fed.Appx. 334, 338-40 (5th Cir. 2013) *(per curiam)*.

The allegations advanced in Winding's complaint will be evaluated as an "episodic act or omission" case, because he makes specific allegations about acts allegedly taken by the named defendants and complains about an alleged sexual assault by a county inmate. [1-6, pp. 5-6.] In an "episodic act or omission" case, the detainee generally complains first about a particular act of or omission by the actor and then points to a policy, custom or rule (or lack thereof) of the municipality that permitted or caused the constitutional violation. To succeed in such a claim, Winding must show that: (1) the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference and (2) the violation resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference. *Flores v. County of Hardeman,* 124 F.3d 376, 738 (5th Cir. 1997), quoting *Scott v. Moore,* 114 F.3d 51, 54 (5th Cir.1997), and *Farmer v. Brennan,* 511 U.S. 825 (1994). An official acts with subjective deliberate indifference when he "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996).

Simply put, Section 1983 does not impose individual liability on a sheriff or prison official under a theory of vicarious or *respondeat superior* liability. A plaintiff must show either that the sheriff was personally involved in the constitutional violation or that there is a sufficient causal connection between the sheriff's conduct and the constitutional violation. *Id.* The uncontroverted summary judgment evidence in this case is that Lewis was not personally involved in the incidents which form the basis of Winding's claims in this suit, so he cannot be held liable for any alleged injury. *Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006). The Court, therefore, recommends that Lewis be dismissed from this suit, for failure to state a

claim against him.

IV.     Ray Rice

Winding does not identify how Rice was involved in the alleged violations advanced in this suit. "[A] plaintiff must show either that the [defendant] was personally involved in the constitutional violation or that there is a sufficient causal connection between the [defendant]'s conduct and the constitutional violation." *Lee v. Ishee*, 383 F. App'x 499, 500-1 (5th Cir. 2010). In the absence of such a showing, the Court recommends that Winding's suit against Rice be dismissed for failure to state a claim.

V.      Management & Training Corporation

Winding seeks to hold MTC liable under § 1983 for acts performed by its employees. [1-6.] A private corporation is not vicariously liable under § 1983 for its employees' deprivations of an individual's constitutional rights. *See Rosborough v. Management & Training Corp.* 350 F.3d 459, 461 (5th Cir. 2003). A private corporation is only liable when an official policy or custom of the corporation causes, or is the "moving force" behind the constitutional violation. Winding's complaint and proposed amendment is void of any allegations that an official policy or custom of MTC was the "moving force" behind its employees alleged deprivation of Winding's civil rights. The Court, therefore, recommends that MTC be dismissed from this lawsuit.

VI.     Official Capacity Claims

"For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti,* 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). A claim for damages against a state official such as Lewis or Rice, acting in their official capacities "is no different from a suit against the State

itself," so the official is not a "person" subject to a damages suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). The Court has determined that Winding has not established a custom or policy, or shown that any entity was the moving force behind the alleged constitutional violations. Consequently, the Court recommends that Winding's claims seeking damages against Lewis or Rice acting in their official capacities be dismissed.

    In summary, if a complaint brought by a prisoner is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, a Court may dismiss the complaint. 28 U.S.C. § 1915A; 29 U.S.C.§ 1915(e)(2); 42 U.S.C. § 1997e(c)(1). A Spears hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). The Court recommends that these consolidated cases be dismissed, for failure to state a claim.

    The Court further finds that Winding's motions to amend [17] to present evidence of "on-going corruption" and to show cause [19] that Winding completed his administrative remedies should be denied as moot.

## **CONCLUSION**

    For the reasons discussed above, this Court recommends that the Judges' motion to dismiss [13] the claims brought against them under section 1983 and that Winding's motion to dismiss [18] Judge Ozerden, Judge Walker and Judge Ball from this suit should be granted. In addition, the Court recommends that Winding's claim for injunctive relief be denied. The Court further recommends that these consolidated suits be dismissed, with prejudice, for failure to state a claim. Finally, the Court recommends that Winding's motions to amend [17] to present evidence of "on-going corruption" and to show cause [19] that Winding completed his

administrative remedies should be denied as moot. In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than February 4, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Winding at his last known address by certified mail, return receipt requested.

    This the 21st day of January, 2014.

                                                                               s/ John M. Roper, Sr.
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE