UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES C. WINDING                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:13CV618TSL-JMR

JUDGE H. SULEMON OZERDEN, ET AL.                            DEFENDANTS

CONSOLIDATED WITH

JAMES C. WINDING                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:13CV623TSL-JMR

JUDGE H. SULEYMON OZERDEN, ET AL.                          DEFENDANTS

ORDER

This cause is before the court on the objection of plaintiff
James C. Winding to the report and recommendation of Magistrate
Judge John M. Roper entered on January 21, 2014, recommending that
the motion of Judges H. Sulemon Ozerden, Robert Walker and Keith
Ball to dismiss be granted and that the claims against the
remaining defendants be dismissed <u>sua sponte</u> for failure to state
a claim upon which relief may be granted.  By his filing,
denominated "motion to arrest report and recommendation," Winding
purports to clarify his claims against defendants Tyrone Lewis,
Hinds County Sheriff and Ray Rice, alleged to be the Warden of
East Mississippi Correctional Facility and employee of defendant
Management Training Corporation (MTC) and seeks leave to add the
City of Raymond, Mississippi as a defendant in this matter.
Having considered plaintiff's objection, the court concludes that

the report and recommendation should be adopted in part, modified in part, and rejected in part as follows:

The report and recommendation is adopted to the extent that it recommends that the motion of Judges Ozerden, Parker and Ball to dismiss on the basis of judicial immunity should be granted. The opinion is modified to reflect that any screening of the remaining claims is undertaken pursuant to the court's authority under 28 U.S.C. § 1915A (permitting screening of prisoner complaints against governmental entity or officer), and 42 U.S.C. § 1997e (authorizing court to _sua_ _sponte_ screen any action challenging prison conditions under § 1983). Regarding defendants MTC and Rice, it is clear that Winding has failed to state a claim upon which relief may be granted such that the report and recommendation is adopted as to these defendants.[1] Likewise, the report and recommendation is adopted as it pertains to defendant Raymond Jail. This being said, however, as regards defendant Lewis,[2] taking into consideration the allegations in the original, consolidated complaints, together with the clarification set out

---

[1]   The court notes that contrary to page 8 of the report and recommendation, defendant Rice is not a state official but rather, is an employee of defendant MTC. In any event, the court agrees that the factual allegations set forth in the complaint do not state a claim against him.

[2]   Again, contrary to page 8 of the report and recommendation, defendant Lewis is not a state official but is a representative of Hinds County, Mississippi, such that an official capacity claim against him, is a claim against the County.

2

in Winding's objection and giving the allegations a liberal construction, the court concludes that Winding has stated claims against Lewis in both his individual and individual capacities.[3] See Lewis v. Pugh, 289 Fed. Appx. 767, 771-72 (5th Cir. Aug. 18, 2008) (where supervisor is not personally involved with acts causing deprivation of constitutional rights, to impose individual liability, plaintiff must show: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of his rights; and (3) the failure to train or supervise amounts to deliberate indifference") (internal citation and quotation omitted); and Anderson v. Dallas Cty, 286 Fed. Appx. 850, 860 (5th Cir. 2008)(explaining that to hold a governmental entity liable under § 1983 for failure to protect, plaintiff must establish that "(1) a county employee violated his clearly established constitutional rights with subjective deliberate indifference and (2) the violation resulted from a county policy or custom adopted or maintained with objective deliberate indifference."). Accordingly, it follows the court rejects the report and recommendation as it pertains to defendant Lewis.

Based on the foregoing, it is ordered that the report

---

[3]     The court notes that on page 8 of the report and recommendation, plaintiff appears to have been held to a summary judgment standard, rather than a 12(b)(6) standard.

and recommendation of United States Magistrate John M. Roper entered on January 21, 2014, be, and the same is hereby, adopted as the finding of this court to the extent as set forth above. Accordingly, it is ordered that the motion of defendants Ozerden, Walker and Ball is granted, that the claims against Rice, MTC and Raymond Jail are dismissed and that plaintiff's motions to amend and to show cause are denied.  It is further ordered that Winding's motion to arrest report and recommendation is granted to the extent that the court consider his attempts to clarify his claims against Lewis, MTC and Rice and denied as to his request to amend his complaint to add the City of Raymond as a defendant. The City of Raymond is not responsible for the operation of the county jail.

     Finally, while the court has concluded that Winding has stated a claim against Lewis, there appears to be an issue as to whether Winding exhausted this claim prior to filing suit, <u>see</u> 42 U.S.C. § 1997e (requiring prisoner's exhaustion of administrative remedies prior to filing suit).  As Lewis raised this affirmative defense via his answer, in an effort to conserve judicial resources, the court will afford Lewis an opportunity to file a motion for summary judgment raising the issue of exhaustion, <u>see</u> <u>Dillon v. Rogers</u>, 596 F.3d 260, 272-73 (2010)(concluding that exhaustion is threshold issue which is preferably addressed via motion for summary judgment), or any other dispositive matter as

4

he deems appropriate.  Accordingly, Lewis' motion for summary judgment shall be filed on before May 1, 2014.[4]

SO ORDERED this 2nd day of April, 2014.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4]     In the event that Lewis declines this opportunity, the court will enter an order returning the matter to the magistrate judge for entry of a case management order.